*Judge Wood
delivered the opinion of the court:
This indictment is drawn upon section 29 of the act for the punishment of crimes, passed March 7,1835 (33 Ohio L. 39), which en *547 acts, “that if any person shall make, alter, publish, pass, or put in circulation, any note or notes, bill or bills, purporting to be the note or notes, bill or bills, of a bank, company, or association, which never did, in fact, exist, such person or persons, knowing at the time of publishing, passing, or putting into circulation any such note or notes, bill or bills, that the bank, company, or association, purporting to have issued the same, never did exist, every person so offending shall,” etc.
The record shows that upon the trial, the prisoner’s' counsel, among other things, prayed the court to charge the jury, that if they were satisfied the note offered in evidence was a false note of a bank, company, or association, actually existing in the State of Illinois, they should acquit, whether such bank or company was chartered by the laws of that state or not. This instruction was refused by the court, but they charged the jury, that if they found the note one of an existing company, known to the prisoner as not legally chartered by the laws of Illinois, they should convict. In giving this charge, the court below were in error. The offense is the uttering of such note, knowing it to be of a non-existing’ bank or company, and not the uttering a note knowing it to have been issued by an existing unincorporated bank. Upon this ground the sentence is reversed, and the case remanded to the county for a new trial.
Roswell B. Meeker v. The State.
Error to the common pleas of Lorain.
This case raised precisely the same question as the last, and the same decision was had.